UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
Southern Division

GUADALUPE BETANCOURT, Individually, :
:
      Plaintiff, :
:
v. : Case No. 1:11-cv-978
:
GRAND VALLEY HOTEL, LLC :
A Domestic Limited Liability Company :
:
      Defendant. :
_____/ :

## **COMPLAINT**

Plaintiff, Guadalupe Betancourt (hereinafter "Plaintiff"), hereby sues the Defendant, Grand Valley Hotel, LLC., A Domestic Limited Liability Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.* In support thereof, Plaintiff states:

1.    This action is brought by Guadalupe Betancourt, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*, against the owners and/or operators of Country Inn & Suites.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's State claim as violations of the PDCRA arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

4. Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

5. Plaintiff Guadalupe Betancourt is a resident of Cowley County, Kansas, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

6. The Country Inn & Suites is located at 12260 James Street, Holland, Ottawa County, Michigan.

7. The Country Inn & Suites is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

8. Defendant owns, leases, leases to, or operates the Country Inn & Suites, and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

9. Plaintiff realleges paragraphs one (1) through eight (8) of this Complaint and incorporates them here as if set forth in full.

10. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return the property to avail herself of the goods and services offered to the public at the property.

11. There are numerous architectural barriers present at the Country Inn & Suites, that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Country Inn & Suites are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

12. Elements and spaces to which there are barriers to access at the Country Inn & Suites include, but are not necessarily limited to:

 a. There are designated accessible parking spaces that do not have an access aisle provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG.

 b. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

 c. The sidewalk ramp at the facility contains an excessive slope in violation of Sections 4.7.2 of the ADAAG.

 d. There are changes in level greater than ½ inch on the designated accessible route, violating Section 4.3.8 of the ADAAG.

 e. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

 f. The maneuvering clearances at the entrance door to the pool area is less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

 g. The registration counter at the facility is in excess of 36", in violation of Section 7.2(1) of the ADAAG.

 h. There are elements that are out of the required reach ranges as specified in ADAAG Sections 4.2.5 and 4.2.6.

  i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

  j. There are exposed pipes in restrooms at the facility, violating Section 4.19.4 of the ADAAG.

  k. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

  l. Toilet Flush is not located on the wide side of the toilet area in violation of Section 4.16.5 of the ADAAG.

  m. The toilet paper dispenser is not with the require reach ranges as per Section 4.16.6 of the ADAAG.

  n. The clear floor space provided in the restroom violates the provisions of Sections 4.22.3 of the ADAAG.

  o. There is a storage hook provided that is located out of the prescribed reach ranges, violating Sections 4.2.5, 4.2.6 and 4.22.7 of the ADAAG.

  p. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.16.6 and 4.27 of the ADAAG.

  q. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG.

  r. There is not clear path of travel provided between all elements provided in the room designated for disabled use violating Sections 4.3 and 9 of the ADAAG.

13.     Defendant's failure to remove the architectural barriers identified in paragraph twelve (12) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

14.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

17.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

5

18.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

### VIOLATION OF THE PDCRA

21.     Plaintiff realleges paragraphs one (1) through twenty (20) of this Complaint and incorporates them here as if set forth in full

22.     The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

23.     Plaintiff has desired and attempted to enjoy the goods and services at Country Inn & Suites as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

24. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

25. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

    A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

        i. by failing to bring Country Inn & Suites into compliance with the Standards where it is readily achievable to do so; and

        ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B. Order Defendant:

        i. to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C.    Award damages to Guadalupe Betancourt who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.    Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


By: /s/ Pete M. Monismith_____
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA-84746